CLAUSON, Respondent, vs. GOODRICH, Appellant.

*December 13, 1887 — February 28, 1888.*

*Sale of chattels: Loss after delivery: Pleading: Evidence.*

In an action to recover the purchase price of logs, the complaint alleged the sale to the defendant of a certain quantity of logs, to be paid for as soon as delivered at a certain mill, and that said

Clauson vs. Goodrich.

logs were delivered, as per contract, *"and were accepted, sawed and scaled by the defendant."* It appeared that the defendant was to take the risk of the loss or destruction of the logs after their delivery at the mill, but the quantity was to be ascertained after they were sawed, by the mill measurement. *Held,* that evidence was admissible under the complaint to show that some of the logs had been lost after delivery, and that the plaintiff might recover for such logs as well as for those which were sawed and scaled.

APPEAL from the Circuit Court for *Ashland* County.

The case is stated in the opinion. The plaintiff had a verdict for $349.26, and from the judgment entered thereon the defendant appealed.

For the appellant there was a brief by *Miles & Shea,* and oral argument by *Mr. Miles.*

For the respondent there was a brief by *Lamoreux & Gleason,* and oral argument by *Mr. Lamoreux.*

The following opinion was filed January 10, 1888:

TAYLOR, J. This was an action to recover the value of saw-logs sold and delivered by the respondent to the appellant. Upon the trial of the action at the circuit, the jury found for the plaintiff, and assessed his damages at $349.26. The appellant moved for a new trial for errors of the court in admitting evidence on the part of the respondent, and because the verdict was not supported by the evidence. The motion was denied, and the appellant duly excepted, and, after judgment was entered upon the verdict, appealed to this court.

On the trial, it appeared that the plaintiff had delivered the logs sold at the mill of the Ashland Lumber Company, and it also appeared that the defendant was to take the risk of their loss or destruction after the delivery at such mill, although the quantity of timber in the logs was to be determined, after the logs were sawed, by the mill measurement. The defendant had paid for all the logs sawed at the mill

out of the logs so delivered at the mill. The ground of the plaintiff's claim was that after he had delivered the logs at the mill, as agreed, in proper rafts, and before they were sawed, a storm came up, and one of the rafts of said logs was broken up and scattered, and a large number of the logs were lost.

On the part of the defendant, it was admitted that one of the rafts was broken up and scattered as claimed by the plaintiff, but he insisted that all the scattered logs were collected by him and brought back to the mill, and that all delivered by the plaintiff at the mill were in fact sawed by the mill, and measured and paid for by him before the action was brought. The only question submitted to the jury was whether any of the logs delivered at the mill by the plaintiff for the defendant were scattered and lost and consequently not sawed and measured at the mill. On that question the jury found that logs to the value of $349.26 were so scattered and lost, and consequently were not paid for by the defendant.

The learned counsel for the appellant insisted, upon the argument of this appeal, that the trial court erred in permitting the plaintiff to show that any of the logs were in fact lost. The ground of this objection to the evidence is based solely upon the language of the complaint. The counsel for the appellant claims that the complaint is for the recovery of the purchase price for the logs sawed at the Ashland mill, and not for the recovery of the logs delivered by the plaintiff to the defendant at the mill. We do not think the complaint should be construed as claimed by the counsel for the appellant. The language of the complaint is as follows: "That on or about the 15th day of March, A. D. 1886, R. Slatterly sold to the defendant, *W. H. Goodrich*, 700,000 feet of merchantable pine saw-logs, at the agreed price of $5.80 per thousand feet, which sale was partly in writing and partly by parol; that by the terms of

said sale the said logs were to be paid for as soon as delivered at the mill of the Ashland Lumber Company, at Ashland, Wis.; that said 700,000 feet of merchantable pine saw-logs were delivered, as per contract, at the place agreed upon, in the month of May, A. D. 1886, *and were accepted, sawed, and scaled by the defendant;* but that defendant has not paid," etc. The complaint alleges an assignment by Slatterly of his claim for the money due on the logs. The learned counsel for the appellant claims that the words italicized above are descriptive of the logs for which payment is claimed, and that the plaintiff can only recover for such logs as were sawed and scaled by the defendant. We do not think this construction should be given to the complaint, especially upon the objection made to the evidence offered to show that some of the logs were lost before they were sawed. The ground of the objection was not that the complaint was a complaint to recover only for logs sawed and scaled, but on the ground that the contract which had been offered in evidence " provided for the measurement by the lumber-scale at the mill." There was no objection, such as is now made, that the evidence was not admissible because the complaint described only such logs as were sawed and scaled at the mill. The evidence showed that the defendant was to pay for all the logs delivered at the mill before they were sawed; and consequently, if any were lost or destroyed before they were in fact sawed, the loss was to be the defendant's and not the plaintiff's.

The only other question in the case is one of pure fact, viz.: Were any of the logs lost? The question was fairly submitted to the jury, and there was certainly some evidence from which the jury might honestly have come to the conclusion that some of them were scattered and lost. The learned circuit judge, who heard all the evidence and saw all the witnesses, having declined to set aside the verdict upon the ground that it was against the weight of evidence,

this court cannot, upon the evidence in the record, say that there was any abuse of discretion by the circuit judge in refusing to grant a new trial for that cause.

*By the Court.*— The judgment of the circuit court is affirmed.

A motion for a rehearing was denied February 28, 1888.